IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JAMIE LEE BLEDSOE, #1008097 | § | |
| VS. | § | CIVIL ACTION NO. 2:12cv710 |
| SHERIFF TOM McCOOL | § | |

ORDER OF DISMISSAL

Plaintiff Jamie Lee Bledsoe, confined in the Harrison County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge Roy S. Payne, who issued a Report and Recommendation recommending that the complaint be dismissed with prejudice as frivolous for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff filed objections and amended objections simultaneously (docket entries #8 & 9). In his first objections, he asserts that he filed his action as a federal habeas corpus petition pursuant to 28 U.S.C. § 2254[1] and contends that the Magistrate Judge erroneously construed it as a civil rights lawsuit pursuant to 42 U.S.C. § 1983. Further, he alleges that the Magistrate Judge improperly assessed him an initial partial filing fee with the requirement to ultimately pay the full $350.00 fee as required by the Prison Litigation Reform Act ("PLRA"). He further contends that the PLRA does not apply to habeas actions and that he therefore should not have to pay the filing fee. Plaintiff is incorrect on each point.

---

[1] Plaintiff also filed a "Motion to Advise" the Court that his lawsuit was a federal habeas petition (docket entry #7) instead of a civil rights action. As discussed herein, this "motion" has no more merit than his objections.

1

Plaintiff filed his action in handwritten format without using a standardized form and wrote "Petition for Writ of Habeas Corpus 2254" across the top of the caption page. However, the action did not involve a challenge of any conviction, parole decision, prison disciplinary case or any other typical subject matter that is a normal subject of a collateral attack in a habeas petition. Instead, he alleged that he was "pursuiting [*sic*] his state charges on [a pending criminal action] and civil cause no.: 2:08cv241." Complaint at 1. In that pursuit, he complained that he is being denied access to court because jailhouse officials respond to his requests to use the law library by directing him to "contact his court appointed attorney. . . ." *Id*. at 2. He seeks that either the Court provide him the research he desires or orders the jail to provide the material or transfer him to another jurisdiction with a "proper law library."

The United States Court of Appeals for the Fifth Circuit has "adopted a simple, bright line rule for resolving" whether such a claim challenges an allegedly unconstitutional condition of confinement, making it a § 1983 action, or a prison procedure that affects the timing of the prisoner's release from custody, implicating a § 2254 petition. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). If "a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release, the proper vehicle is a § 1983 suit." *Id*. at 820-21 (internal quotations and citations omitted). Here, it is clear that a favorable determination in Plaintiff's case, if the Court were to grant it, would not entitle him to accelerated release. His complaint is wholly about "access to court" via access to legal materials and research and the focus of his ostensible research is his ongoing criminal case and a prior civil case that, as the Magistrate Judge uncovered, has long been dismissed without any further action or appeal by Plaintiff. Accordingly, his action is not appropriately categorized as a federal habeas petition, despite his attempt to denominate it as such

and avoid paying a $350.00 filing fee. Instead, as the Magistrate Judge correctly construed it, it is properly a § 1983 civil rights lawsuit. Because that is so, the PLRA requires the payment of the $350.00 filing fee. Plaintiff remains responsible for paying the initial partial filing fee as the Magistrate Judge assessed, followed by payment over time of the balance of the $350.00.

Turning to Plaintiff's amended objections, he focuses there on his asserted right to represent himself as a *pro se* litigant and re-argues the position he took in his complaint, alleging violations of his First, Fifth, Sixth and Fourteenth Amendment rights to meaningfully access the courts via legal research and other materials. He does not address the Magistrate Judge's analysis except to assert that it conflicts with *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), and that some of the cases cited in the Report and Recommendation "do not have precedent value because the case laws have not been publish [*sic*]. . . ." Amended Objections at 3. He ignores the fact that the case authorities harmonize and apply *Bounds* to the type of situation here - where the prisoner complaining of his access to court is actually represented by counsel in his criminal case. Further, although some of the case authorities are not formally published, others are, including *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam); *Cruz v. Hauck*, 515 F.2d 322, 331 (5th Cir. 1975), *cert. denied*, 424 U.S. 917, 96 S. Ct. 1118, 47 L. Ed. 2d 322 (1976), as cited in the Report and Recommendation. Furthermore, the fact that a case is not formally published does not bar it from citation. For example, *Mendoza v. Strickland*, 414 Fed. Appx. 616, 618 (5th Cir. 2011) (per curiam), only published in the Federal Appendix, is perfectly suitable for citation pursuant to Fed. R. App. P. 32.1. To the extent that a cited case may not necessarily be *controlling* authority does not mean it is not still useful as *persuasive* authority further supporting a legal conclusion. In this case, there is no question that a plaintiff's complaint of blocked access to court may be

dismissed for failure to state claim upon which relief may be based when the plaintiff is represented by counsel in his court proceedings and thus cannot state an injury for not being able to access legal research. *Mendoza*, 414 Fed. Appx. at 618-19 (citing *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981) (dismissing a complaint for failure to state a claim because "[a]s long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney.").

Plaintiff attempts to distinguish this situation by claiming that he is seeking to pursue some set of conditions of confinement that are apparently not associated with his criminal case. Amended Objections at 4-6; he further asserts that he has an injury by virtue of his various illnesses and that by his imprisonment, he is limited in the medications he is given. *Id*. at 6-7. However, his original complaint clearly limits the legal actions he seeks to pursue to his ongoing criminal case, in which he is represented; and a former civil action before this Court, *Bledsoe v. Marshall City Police Department, et al.*, No. 2:08cv241 (E.D. Tex. Sept. 12, 2011) (date of dismissal). He has no right to legal research in his criminal case because he is represented by counsel. He has no right to such legal materials with regard to his prior civil action because it was dismissed with prejudice well over a year ago; he has not appealed the case, and it is now well beyond the time limit for doing so; and he has not challenged the judgment in that case in any way. In short, he has no ongoing civil action in which to proceed, *pro se* or otherwise.[2] Therefore, he cannot show an injury by his alleged "lack of access to court" claim and his objections will be overruled.

Having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court

---

[2] The Court also notes that Plaintiff clearly has access to some type of legal research, given his lengthy arguments and citation to authority, with explanations of the legal principles for which they stand, in his two objections as well as his original complaint.

is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and that the objections of Plaintiff are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Plaintiff's objections are **OVERRULED**. It is further

**ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). It is finally

**ORDERED** that all motions by either party not previously ruled on, including but not limited to Plaintiff's "Motion to Advise" the Court that his lawsuit was a federal habeas petition (docket entry #7), are hereby **DENIED**. The Clerk shall send a copy of this Order of Dismissal to the Three Strikes Administrator for the Eastern District of Texas.

**So ORDERED and SIGNED this 14th day of December, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE